R. J. OSBORN v. EDMUND JENKINSON, Appellant.

**Negligence:** JURY QUESTION.   As plaintiff was driving across F. street, defendant's horse driven to a buggy on F. street, collided with plaintiff's buggy.   A city ordinance provided that no person should drive on any street faster than six miles per hour.  Defendant and two other persons driving single horses, were nearly abreast, racing their horses.   Defendant and his wife, who was with him, testified that he was not racing, but, while driving at an ordinary gait, the other two horses came up behind him, frightened his horse, and he could not hold him in; and that when he came to plaintiff's buggy he jumped or fell into the buggy, and crushed it.   Two witnesses testified that defendant's horse did not jump, and one of them said he came "on the straight trot." Defendant's was a fast horse, and he and the owner of other fast horses were accustomed to speed them on F. street   *Held*, that whether the collision was a mere accident, and not the result of defendant's negligence, was a question for the jury.

CONTRIBUTORY NEGLIGENCE:   *Jury question*.  It appeared that plaintiff was a dairyman; that he had stopped at a store on the corner; that he had gotten into his buggy and started across the street, driving in a proper manner; that one or more persons called out to him to look out for the race; and that he had no time to get out of the way.   *Held*, that whether he was guilty of contributory negligence, was a question for the jury.

**Damages.**  A verdict for one thousand dollars for personal injuries will not be set aside as excessive, where they are serious, and the evidence tends to show that they are permanent.

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

SATURDAY, DECEMBER 12, 1896.

ACTION at law to recover damages for injuries to
the person of the plaintiff, and to a buggy or spring
wagon, which injuries are alleged to have been caused
by the unlawful and negligent acts of the defendant.
There was a trial by jury, which resulted in a verdict
and judgment for the plaintiff.   Defendant appeals.—
*Affirmed.*

*M. B. Davis* for appellant.

*Wright, Hubbard & Bevington* for appellee.

ROTHROCK, C. J.—The act of the defendant of
which the plaintiff complains occurred at the inter-
section of Fourth and Steuben streets, in Sioux City.
The plaintiff was driving across Fourth street,
with a single horse, and a spring wagon.   The
defendant was driving a single horse and phae-
ton along Fourth street, and at the intersection of the
two streets, the defendant's horse came in collision
with the buggy of plaintiff with great force, and
nearly destroyed it.   Three wheels were broken, one
axle was sprung, the sides of the box were crushed,
and, in short, it was a wreck.   The plaintiff was thrown
out of the buggy and seriously injured.   He was driv-
ing slowly when the collision occurred, and the
defendant was driving at a reckless and unlawful rate
of speed, in violation of an ordinance of the city
which provides that no person shall drive on any
street faster than a rate of six miles per hour, or
drive "in such a manner as to come in collision with
or strike any other person or object."   It is undisputed
VOL. 100 Ia—28

that the defendant and two other persons, who were driving single horses, were nearly abreast, and that they were going at the rate of about a mile in three minutes, or twenty miles an hour. And there is no dispute that the two other drivers were racing or speeding their horses on Fourth street. The collision occurred in the evening, after it became dark, and the street lights were burning. The defendant and his wife, who was with him, testified as witnesses on the trial, that he was not racing his horse, but that, while driving at an "ordinary road gait," the other two horses came up behind him, and frightened his horse, and made him jump, and that he could not hold him in; and that when he came to plaintiff's buggy, in his jumping he jumped or fell into the buggy, and crushed it down. There is no question that if the defendant was engaged, with the other drivers, in racing or speeding their horses, he was guilty of the most culpable and criminal negligence. It is contended by counsel for defendant that the collision was a mere accident; that the defendant is not chargeable with negligence, because his horse was running away, and he could not control him. That was a fair question for the jury to determine. Two witnesses testified that the defendant's horse did not jump, one of them stated that the horse came "on a straight trot." And the defendant and his wife were contradicted by other witnesses as to facts attending the collision. The defendant's horse was a fast animal. He was in the habit of speeding him on Fourth street. He testified that he had driven him in less than three minutes to the mile on the race track. It appears that the owners of fast horses were accustomed to speed them on Fourth street. One witness testified that he "had seen these three horses there before," and the defendant's horse was on that street "two or three times a week."

II.   It is said that the plaintiff, by his negligence, contributed to the injury. It appears to us this question was fairly submitted to the jury, and that the court rightly held that there was evidence sufficient to sustain the verdict, so far as this question was involved.

We will not set out the evidence as to the care exercised by the plaintiff in driving across the street which the defendant and others were using as a race track, and on which, the jury were warranted in finding from the evidence, they were driving at the rate of about twenty miles an hour.   The plaintiff was engaged as a dairy man, and had his milk cans in his vehicle.   He stopped on the corner of Fourth and Steuben streets, bought some groceries, and watered his horse at a public watering trough, got into his buggy, and started across the street, driving in a proper manner.   He was not looking for a horse race, but it came upon him without his fault.   One or more persons called aloud to him to look out for the race, but it was too late.   He had no time to get out of the way.

III.   The verdict of the jury was for one thousand dollars.   It is thought to be excessive.

We think otherwise.   The plaintiff was seriously injured, and the evidence tends strongly to show that the injuries were permanent.   We discover no reversible error, and the judgment of the distric court is AFFIRMED.